IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JEFFREY W. MILLER,**　　　　　　　　　　　　　　6:12-CV-00039 RE

　　　　　　　Plaintiff,　　　　　　　　　　　　　　**OPINION AND ORDER**

　　v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

　　　　　　　Defendant.

**REDDEN**, Judge:

Plaintiff Jeffrey Miller ("Miller") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance ("DBI") benefits. For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

///

1 - OPINION AND ORDER

## BACKGROUND

Born in 1947, Miller has a Bachelor's Degree in Business Administration. Tr. 74. In July 2002, Miller filed an application for disability insurance benefits, alleging disability since January 1, 2001, due to seronegative rheumatoid arthritis, depression, anxiety, irritable bowel syndrome, degenerative disc disease of the lumbar spine, and shoulder and knee conditions. His applications were denied initially and upon reconsideration. After a June 2005 hearing, an Administrative Law Judge ("ALJ") found him not disabled.

In November 2005, Miller filed new applications for DIB and Supplemental Security Income, alleging disability since January 2001. His applications were denied initially and on reconsideration. The Appeals Council vacated the ALJ's decision, consolidated the claims, and remanded for further proceedings. In November 2006, a second hearing was held. In April 2007, the ALJ issued a partially favorable decision, finding that Miller had engaged in substantial gainful activity ("SGA") from the alleged onset date through May 31, 2004, but became disabled within the meaning of the Act as of June 1, 2004. Miller's request for review was denied, and the matter was heard in the U.S. District Court. On November 12, 2010, United States District Court Judge Michael Hogan issued an Opinion, reversing the ALJ's decision and remanding the case for further development of the record regarding the actual work performed by Miller during the relevant period and its worth. Tr. 1639-42.

A third hearing was held in July 2011. In September 2011, the ALJ issued a decision denying the claim for benefits. Miller's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

/ / /

2 - OPINION AND ORDER

## ALJ's DECISION

The ALJ found at step one that Miller's work activities as a private investigator between January 1, 2001 and June 1, 2004, constituted substantial gainful activity under the "worth of work" test, and that he was not disabled during that time period as a result.

## STANDARD OF REVIEW

A decision by the Secretary must be affirmed if it is supported by substantial evidence and if the Secretary applied the correct legal standards. *Travers v. Shalala,* 20 F.3d 993, 996 (9th Cir. 1994). Substantial evidence, upon consideration of the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion. *Travers,* 20 F.3d at 996.

### I. Legal Standards

The Secretary has the authority to determine when labor performed or earnings derived from labor constitute the ability to engage in substantial gainful activity. 42 U.S.C. § 423 (d)(4). The Secretary defines "substantial gainful activity" as ...work activity that 'involves doing significant physical or mental activities' on a full or part-time basis, and is the 'kind of work usually done for pay or profit, whether or not a profit is realized.'" 20 C.F.R. § § 416.972(a) & (b), *Corrao v. Shalala,* 20 F.3d 943, 947 (9th Cir. 1994). The regulations state in part that, "We will not consider your income alone since the amount of income you actually receive may depend upon a number of different factors...." 20 C.F.R. § 404.1575(a).

A self-employed individual is considered to have engaged in substantial gainful activity if he satisfies any one of three tests: (1) if he rendered services significant to the operation of a business and received a substantial income from the business; (2) if his work activity in terms of

3 - OPINION AND ORDER

hours, skills, energy output, efficiency, duties, and responsibilities is comparable to that of unimpaired individuals with the same or similar livelihood; or (3) if the worth of his work activity, compared to the salary an owner would pay to an employee for the same work, exceeded a minimum amount. 20 C.F.R. §404.1575(a). In this case, for 2001, the minimum worth of work must exceed, on average, $740 a month. For 2002, the minimum is $780 per month, for 2003 it is $800 per month, and for 2004 it is $810 per month. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2).

When a claimant's earnings are above the statutory minimum there is a presumption that the claimant is engaged in SGA. *Katz v. Secretary of Health & Human Servs.,* 972 F.2d 290, 293 (9th Cir. 1992). The earnings presumption can be rebutted. Factors to be considered in addition to the amount earned include the time spent working, the quality of a person's performance, any special working conditions, and the possibility of self-employment. *Keyes v. Sullivan,* 894 F.2d 1053, 1056 (9th Cir. 1990). The ALJ is to evaluate the work activity on the value to the business of the claimant's services, regardless of whether he receives an immediate income for the services. 20 C.F.R. 404.1575. Supervisory, managerial, advisory or other significant personal services that are performed as a self-employed individual may show that a claimant is able to do substantial gainful activity. 20 C.F.R. 404.1573 (d).

## II. Evidence

Miller operated a private investigation business from the 1980s until June 2004. He alleges that he became disabled on January 1, 2001, but continued to work until June 2004 when he stopped taking work. Miller testified that after 1996 he increasingly used subcontractors to do the investigative work, and that he used subcontractors through the relevant period. Tr. 1737,

1743-44. Miller continued taking work from client insurance companies, assigned the work to subcontractors, monitored the subcontractors by telephone, approved the reports, and paid the bills. Tr. 1734-37, 1739-40. He was licensed and bonded as a private investigator in California and Oregon. Miller charged his clients about $75 per hour and paid his subcontractors $35-$40 per hour plus expenses. Tr. 1741-42.

Miller's business grossed $88,682 in 2001, with a net loss of $6,715. That year, the business paid $25,838 to subcontractors. Tr. 732, 738. In 2002, the business grossed $49,829, and reported a loss of $24,791. Tr. 754, 764. Subcontractors were paid $27,349. Tr. 772. In 2003, the business grossed $16,697, reported a loss of $42,037, and paid subcontractors $12,393. Tr. 782, 803, 817. In 2004, the business grossed $34,065, reported a loss of $6,048, and paid subcontractors $19,819. Tr. 841.

### III. The ALJ's Decision

On remand, the ALJ asked Miller to submit his tax returns and business records, including a list of subcontractors, records dealing with the work the subs performed, hours billed, hours paid, cases worked on, and amounts paid for costs and expenses, from January 1, 2001 to the present. Miller responded that did not file tax returns after 2004 and that the rest of the requested information had been destroyed "because its been such a long time." Tr. 1727. He was unable to recall any of the subcontractors he used or the secretarial service. Tr. 1729

The ALJ extensively discussed Miller's tax returns, noting that Miller claimed substantial deductions for investigative expenses, seminars, auto and truck expenses, meals and entertainment, parking, tolls, and travel. Tr. 1633. The ALJ noted that Miller had full managerial responsibility for operating his business. Tr. 1632. The ALJ concluded that Miller's

own description of his work activity "strongly indicates that it was worth the [SGA] levels cited above when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work [he] was doing." Tr. 1629-30. The ALJ concluded that Miller's work was "worth at least $825 per month on average, and likely more." Tr. 1632.

The ALJ noted other evidence, including that Miller requested an extension for his 2003 tax return because he was "working out of the area." Tr. 784, 1630. The extension request was dated July 31, 2004, after the date that Miller said he stopped working, and after the date he was found disabled. Tr. 1593, 1635. The ALJ considered Miller's bankruptcy petition, dated April 21, 2004, in which Miller said he operated a private investigation business from "1980 to the present," and that he had "total net monthly take home pay" of $1,500. Tr. 926, 917. The ALJ pointed to many valid reasons to find Miller less than fully credible.

Miller argues that the record contains no evidence to support a finding that Miller's work was clearly worth wages amounting to SGA, in terms of its value to the business or based upon what an employer would ordinarily pay a person performing the limited functions that were performed by Miller. He points to the testimony of the Vocational Expert who stated that private investigators generally need to be able to do the full range of work, and not only the office work portion of the job. Tr. 1619-20. However, Miller had the burden of proving that he was not performing SGA. *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999).

Miller argues that Social Security Ruling ("SSR") 83-34 at *9 requires that, when there is a lack of conclusive evidence, any doubt as to the comparability of the factors should be resolved

in favor of the claimant. Assuming that Miller's interpretation of the Ruling is accurate, I find that there is not a lack of conclusive evidence.

The ALJ's determination that Miller engaged in substantial gainful activity from January 1, 2001 through May 31, 2004, is supported by substantial evidence.

## **CONCLUSION**

For these reasons, the ALJ's decision that Miller is not disabled prior to June 1, 2004 is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 22nd day of October, 2012.

/s/ James A. Redden
JAMES A. REDDEN
United States District Judge